SO ORDERED.

SIGNED this 7th day of October, 2025.



Dale L. Somers
United States Chief Bankruptcy Judge

*Designated for Online Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| In re: | Case No. 25-40192 |
| JT Johnson, Jr., | Chapter 13 |
| Debtor. | |

### Memorandum Opinion and Order
### Conditionally Dismissing Case

In 2018, the U.S. District Court issued a Judgment of $3,300,000.00 against Debtor JT Johnson, Jr. for criminal restitution. When Debtor commenced this voluntary Chapter 13 bankruptcy case, he reported that he had non-contingent, liquidated, unsecured debts of $17,748.00. The Trustee argues that Debtor is ineligible to be a Chapter 13 Debtor because his debts exceed the limits for eligibility in Chapter 13. The Court concludes that Debtor's restitution judgment renders him

ineligible to be a Chapter 13 Debtor and therefore, this case must be dismissed or voluntarily converted to a Chapter for which the Debtor is eligible.

I. Facts[1] and Procedural Posture

For purposes of ruling on the Motion only, the Court finds:

On March 13, 2018, the United States District Court for the Southern District of Florida issued a judgment for criminal restitution against Debtor for $3,300,000.00 (the "Restitution Judgment").[2]

On April 7, 2025, Debtor filed the voluntary petition commencing the case herein under Chapter 13 of the Bankruptcy Code.[3] In his *Schedule E/F: Creditors Who Have Unsecured Claims*[4], Debtor listed total debts of $17,748.00. He did not list the Restitution Judgment. He amended Schedule E/F on March 19, 2025, to add other debts but the Restitution Judgment was not among them.

On May 15, 2025, Chapter 13 Trustee Carl Davis announced his intent seek dismissal for ineligibility at a preliminary hearing on confirmation of the plan. In response, Debtor filed his *Notice of Supplemental Information Regarding Restitution and § 109(e) Eligibility*[5] in which he declared, "I disclosed the existence of a

---

[1] The Court takes judicial notice of its docket in this case. *See Gee v. Pacheco,* 627 F.3d 1178, 1191 (10th Cir. 2010) ("We take judicial notice of court records in the underlying proceedings."); *United States v. Ahidley,* 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").
[2] In the case styled *U.S.A. v. Johnson*, 16-20730-CR-WILLIAMS; USM No. 28596-031. The Judgment also includes a $100 assessment.
[3] All statutory references are to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.
[4] Doc. 2.
[5] Doc. 91.

restitution order in Case No. 16-20738-CR-KMW, arising from prior federal proceedings in the Southern District of Florida."[6]

On May 19, 2025, Trustee filed a combined objection to confirmation of the Debtor's Chapter 13 Plan and motion to dismiss the case for Debtor's lack of eligibility.[7] Trustee argues that the Restitution Judgment is a debt that exceeds the debt limits, rendering the Debtor ineligible for Chapter 13.

Debtor filed his *Debtor's Objection to Trustee's Motion to Dismiss* (the "Objection") wherein he argues:

> The Debtor has filed a **Notice of Supplemental Information Regarding Restitution** (Doc. 84), which confirms that the $3.3M restitution obligation stems from a federal criminal proceeding (Clemency Case No. C320261).
>
> Under **11 U.S.C. § 1328(a)(3),** restitution for criminal matters is **nondischargeable** and does **not qualify as a claim** under the Bankruptcy Code unless the government files a proof of claim.
>
> To date, **no proof of claim** has been filed by the U.S. government. Accordingly, the restitution should not be included in the unsecured debt calculation for **§ 109(e)** purposes. [bold as in original]

On July 10, 2025, the Court held a hearing to consider the Motion and Objection. The Trustee appeared and the Debtor appeared pro se. At the hearing, the Court asked the Debtor, "I think you agreed that there is a judgment against you for three million dollars and that you, at the present time owe that even though you're trying to get it reduced. Is that correct?" Debtor replied, "Yes."

---

[6] Doc. 91, ¶ 2
[7] Doc. 94 (the "Motion")

At the conclusion of the hearing, the parties waived a further evidentiary hearing and agreed that the Court should determine the eligibility issue on the merits. The Court took the matter under advisement.

II.   Legal Standard

Under § 109(e), debtors are eligible for Chapter 13 relief if they owed, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $526,700.[8] The term "debt" means liability on a claim[9] and the term "claim" means the right to payment.[10] A debt is contingent if liability on a claim depends upon the occurrence of an extrinsic event.[11] A debt is liquidated if the amount is readily and precisely determinable by reference to an agreement or by simple computation.[12] The mere fact that the amount of or liability on a claim is disputed does not necessarily render the claim unliquidated.[13]  If the court finds the debtor to

---

[8] Section 109(e) reads, in relevant part:
  (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $526,700 [originally $250,000, adjusted effective April 1, 2025] … may be a debtor under Chapter 13 of this title.
[9] 11 U.S.C. § 101(12):
  (12) The term "debt" means liability on a claim.
[10] 11 U.S.C. § 101(5):
  (5) The term "claim" means—
    (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
    (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.
[11] *In re Lewis,* 157 B.R. 253, 255 (Bankr. E.D.Va. 1993)
[12] *See F.D.I.C. v. Wenberg (In re Wenberg),* 94 B.R. 631, 634 (9th Cir. BAP 1988), *aff'd*, 902 F.2d 768 (9th Cir. 1990)
[13] *In re Toronto,* 165 B.R. 764, 752 (Bankr. D. Conn. 1994).

be ineligible for chapter 13, the court has discretion either to dismiss or to convert the case, depending on the best interests of the creditors and the estate.[14]

III.     Analysis and Conclusions of Law

The Restitution Judgment is a debt. Debtor confirms the existence of the Restitution Judgment. He admits that there is a judgment against him and that he owes it, even though he's attempting to get it reduced. It is a "debt" as defined by § 101(12).

The United States has a claim for the Restitution Judgment. Although Debtor argues that the Restitution Judgment "does not qualify as a claim under the Bankruptcy Code unless the government files a proof of claim," he provides no authority or caselaw for that proposition.[15] Instead, and in contrast to that assertion, Debtor concedes that the government had a right to payment on the Restitution Judgment on the petition date and that he is trying to get it reduced. A "right to payment" is a claim, and here, that right is unaffected by the Debtor's pending request for clemency. At the time of filing, Debtor owed more than $3,000,000 which exceeds the jurisdictional limits of a Chapter 13 case.

Debtor also argues without authority that a claim only becomes a claim when a creditor files a proof of claim. The Bankruptcy Code's definition of "claim" does not require the filing of a proof of claim or any other condition precedent. A claim is a

---

[14] 8 Collier on Bankruptcy, ¶ 1307.04 (16th 2025) (citing *Toronto*) ("A debtor's ineligibility for chapter 13 relief is cause for converting the case to chapter 7).
[15] Since the briefing on this issue was complete, the United States has filed a Claim for $3,557,516.45. Claim No. 22-1.

right to payment. Also, the debt limits are based on what the Debtor owes as of the date of the filing of the petition when it is exceedingly unlikely a proof of claim can have been filed, rendering this argument illogical.

The Restitution Judgment is not contingent. Debtor's liability on the judgment does not depend on the success of his clemency request. Debtor owes the judgment whether or not it is reduced. No extrinsic event remains to be completed before Debtor becomes liable, he became liable upon sentencing and entry of the judgment.

The Restitution Judgment is liquidated. It is undisputed that the amount of the Restitution Judgment is $3,300,000. Debtor does not claim to have paid any portion of the judgment. It is easily calculable and far exceeds the $526,700 debt limit.

Finally, since eligibility limits are based on the amount of the debt as of the petition date, the Debtor's clemency petition does not affect the Court's analysis. Even if the District Court reduced the Restitution Judgment to $1, the debt stood at $3.3 million on the petition date and that cannot change.

IV. Conclusion and Order

The Restitution Judgment is a noncontingent, liquidated, unsecured debt of more than $526,700 that the Debtor owed on the Petition Date. Therefore, Debtor is ineligible to proceed in Chapter 13.

WHEREFORE, THE COURT ORDERS that the Chapter 13 Trustee's motion will be granted, and this case will be dismissed for cause if Debtor does not file a voluntary notice of conversion to chapter 7 or a motion to convert to another chapter for which he is eligible within 14 days of entry of this order. Confirmation of the

Second Amended Chapter 13 Plan[16] and Debtor's Motion for Valuation[17] are denied as moot.

###

---

[16] Doc. 89
[17] Doc. 41